**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CR-80074-RAR**

**UNITED STATES OF AMERICA,**

vs.

**HANNAH EILEEN ROEMHILD,**

    Defendant.
_____/

**AGREED COMMITMENT ORDER**

**THIS CAUSE** having come before the Court upon a finding of Not Guilty by Reason of Insanity at a Plea Hearing held on August 26, 2021, and having heard argument of counsel at the Commitment Hearing held on September 28, 2021, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  Pursuant to 18 USC §922 (g)(4), Defendant is "mentally defective" and shall be prohibited under Federal law from shipping, transporting, receiving, or possessing any firearm or ammunition, and that finding shall be entered into NCIC.

2.  Defendant shall continue with treatment and medication which is currently in place at River Valley Services.

3.  Defendant shall be given MMP1-2 testing by a licensed psychologist to establish a baseline that can be used for future modifications/monitoring.

4.  Mandatory monthly monitoring of blood levels for medication compliance, with sharing of results to her supervision psychologist, in conjunction with her current medication monitoring program shall be established.

5. Defendant shall check in with her clinician no less than once per month. Non-compliance will result in commitment to a psychiatric hospital for an evaluation.

6. Defendant shall consult with a Psychopharmacologist as needed to ensure medication accuracy.

7. Ms. Roemhild shall attend individual and family therapy bi-weekly.

8. The Court shall receive a written progress report every six months from River Valley Services and/or any subsequent treatment providers approved by the Court.

9. Reduction of any of the medical services will need prior approval of the Court, in conjunction with input from both the prosecution, defense, and treatment providers.

10. If private medical insurance is obtained, the Defendant shall ensure that any and all required releases between service providers are executed to ensure appropriate coordination and continuity of care.

11. Additional employment shall only be authorized in consultation with and with the approval of both her treatment providers and the Court.

12. In addition, the Defendant shall grant to her mother consent to a voluntary guardianship of medical treatment.

13. Any modifications to any conditions shall only be with the approval of the Court.

14. Defendant's commitment status shall be monitored by U.S. Probation in the District where she resides.

15. Pursuant to 18 USC §4243, the Court finds that after reviewing the reports of the experts, and hearing the argument of counsel that the Defendant has established by clear and convincing evidence that her continued release does not create a substantial risk of bodily injury

to another person or serious damage of property of another due to a present mental disease or defect.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of September, 2021.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**

Copies Furnished:
Christopher A. Haddad, Esq., chris@chrishaddad.com, pat@chrishaddad.com, 319 Clematis Street, Suite 812, West Palm Beach, FL   33401
David Roth, droth@rothduncan.com; kdaniels@rothduncan.com; 515 N. Flagler Drive, Suite 325, West Palm Beach, FL   33401
AUSA Marc Anton, Marc.Anton@usdoj.gov; 500 East Broward Blvd., Ste. 700, Ft. Lauderdale, FL   33394